FILED
11/15/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
NG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **1:21-CR-00698** |
| | ) | |
| v. | ) | **Violations:** Title 18, |
| | ) | United States Code, |
| RONALD T. MOLO | ) | Section 1343 |

JUDGE GETTLEMAN
MAGISTRATE JUDGE HARJANI

### COUNT ONE

The SPECIAL NOVEMBER 2020 GRAND JURY charges:

1. At times relevant to this indictment:

   a. Defendant RONALD T. MOLO was a licensed financial advisor, employed in the Joliet branch office of a national financial services firm.

   b. MOLO owed a fiduciary duty to clients who entrusted funds to the firm's custody and control for investment purposes. It was part of MOLO's duty to maintain and invest client funds for their benefit, not for his own personal gain.

2. Beginning in or about 2018 and continuing until on or about June 15, 2021, at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

RONALD T. MOLO,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money from clients by means of materially false and fraudulent pretenses, representations, and promises, as described below.

3. It was part of the scheme that MOLO falsely advised multiple clients that he had a good investment opportunity for them, supposedly involving tax-exempt, interest-bearing bonds or bond funds. In reality, this investment opportunity

did not exist. MOLO led clients to believe that their investments would be income-producing and tax-free, advising them that they would receive regular, periodic interest payments, when in fact, MOLO did not intend to invest their funds at all. Instead, MOLO intended to misappropriate and convert client funds to his own personal use.

4. It was further part of the scheme that MOLO made materially false and fraudulent representations and promises to induce clients to provide him with money to invest, including that:

    a. their funds would be invested in municipal bonds or bond mutual funds;

    b. the bonds yielded periodic interest at a rate of approximately 5%;

    c. such bonds were exempt from federal and state taxes; and

    d. the investment vehicles for these bonds were affiliated with "Ivory Stone Investment Partners," "Spire Investment Partners," or "Lord Abbett."

5. It was further part of the scheme that MOLO made false representations to his clients verbally, providing no written investment materials, contracts, or any other documentation supporting his claims or protecting his clients' interests.

6. It was further part of the scheme that MOLO fraudulently induced clients to sign written authorizations to transfer funds from their accounts at the firm to an outside account, which, unbeknownst to them, was a personal bank account held by MOLO and his wife. In soliciting his clients' signatures, MOLO used the

authorization forms of his employer, thereby giving his clients a false sense of security and confidence that they were making authentic investments sanctioned by the firm.

7. It was further part of the scheme that MOLO fraudulently induced clients to transfer funds to his personal bank account in the following amounts on or about the following dates:

| Client | Amount | Date |
|---|---|---|
| Victim 1 | $250,000 | January 2, 2019 |
| Victim 2 | $125,000 | May 28, 2019 |
| Victim 2 | $125,000 | August 21, 2019 |
| Victim 2 | $50,000 | April 1, 2020 |
| Victim 3 | $125,000 | April 20, 2020 |
| Victim 3 | $125,000 | November 20, 2020 |

8. It was further part of the scheme that MOLO converted client funds to his own personal use, without the clients' knowledge or consent, thereby breaching his fiduciary duty to them. MOLO fraudulently used client funds to pay for at least two vehicles, to pay his home mortgage and the mortgage on his in-laws' home, and to pay credit card bills, home remodeling, construction and design costs, Illinois lottery, travel and shopping expenses, cash, and payments to members of his family, among other personal expenses unrelated to investments for his clients.

9. It was further part of the scheme that MOLO lulled his victim-clients by making token "interest" payments to them, falsely leading them to believe that their money had been invested and was generating interest returns on bonds, when in fact their money had been misappropriated, taken, and spent by him. MOLO periodically made false interest payments to victim-clients between 2019 and 2021, in amounts ranging between about $1,562 and $3,150. MOLO made some of those purported

interest payments with cashier's checks drawn on his own bank account, which cashier's checks he then deposited into the victim-clients' accounts at the firm without truthfully identifying the true source of those funds. MOLO made other purported interest payments to victim-clients by causing checks to be written on their own investment accounts at the firm and sent to them. In either case, MOLO paid victim-clients with victim funds, not with any true investment returns, giving them the false impression that these payments constituted interest payments generated from bond investments.

10. It was further part of the scheme that MOLO created false notes in his victim-clients' accounts and account records, and caused false notes to be created, falsely indicating that the source of his deposits into his clients' accounts was interest on investments with "Spire Investment Partners," "Spire Investment Services," "Spire Inv Partners," "SIP," or "Ivorystone Inv Part.," when in fact that was not true.

11. It was further part of the scheme that MOLO eventually stopped making payments altogether and failed to return his victim-clients' money.

12. It was further part of the scheme that MOLO falsely and repeatedly denied misappropriating client funds when questioned by the firm, claiming instead that the victims' money had been placed in legitimate investments at their (the victims') direction, when in fact that was not true.

13. It was further part of the scheme that MOLO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the

scheme, the purposes of the scheme, and the acts committed in furtherance of the scheme.

14. As a result of MOLO's self-dealing and fraudulent acts, the firm and its clients suffered losses in an amount totaling approximately $800,000.

15. On or about January 2, 2019, at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

RONALD T. MOLO,

defendant herein, for the purpose of executing the scheme described above, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds-transfer in the amount of $250,000 from Victim 1's account at the firm to MOLO's personal bank account, through the Fedwire Funds Transfer System;

In violation of Title 18, United States Code, Section 1343.

## COUNTS TWO THROUGH SIX

The SPECIAL NOVEMBER 2020 GRAND JURY further charges:

1. Paragraphs 1 through 14 of Count One are incorporated here.

2. On or about the dates listed below, each such date constituting a separate count of this indictment, at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

RONALD T. MOLO,

defendant herein, for the purpose of executing the scheme described above, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, transfers of funds in the following amounts, from the accounts of the following clients to MOLO's personal bank account, through the Fedwire Funds Transfer System:

| Count | Date | Client | Amount |
|---|---|---|---|
| Two | May 28, 2019 | Victim 2 | $125,000 |
| Three | August 21, 2019 | Victim 2 | $125,000 |
| Four | April 1, 2020 | Victim 2 | $50,000 |
| Five | April 20, 2020 | Victim 3 | $125,000 |
| Six | November 20, 2020 | Victim 3 | $125,000 |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2020 GRAND JURY further alleges:

1. The allegations in Counts One through Six are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Section 1343, as alleged in Counts One through Six,

RONALD T. MOLO,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property, real and personal, which constitutes and was derived from proceeds traceable to such violations.

3. The interests of MOLO subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include the sum of $778,000, which may be satisfied from the following assets, among others:

    a. Funds from Edward Jones account 2910;

    b. 21434 Majestic Pine Street, Shorewood, Illinois;

    c. 905 Magnolia Drive, Joliet, Illinois;

    d. 2017 Cadillac XT5 (VIN: 1GYKNBRS6HZ121417);

    e. 2018 GMC Yukon (VIN: 1GKS2CKJ8JR107194);

    f. Funds in BMO Harris Bank account 7602;

  g. Funds in BMO Harris Bank account 1199;

  h. Funds in Heartland Bank & Trust account 3313; and

  i. Funds in First Midwest Bank account 5358.

4. If any of the forfeitable property described above, as a result of any act or omission by MOLO:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Jason Yonan on behalf of the
UNITED STATES ATTORNEY